# Phillips's Appeal.

## Ebbs's Estate.

93    45
126   121
93    45
174   508

93    45
202   ²543

93    45
28 SC  500
93    45
34 SC  165

1. The next of kin of a person is ascertainable at any period which may be named for the vesting of a fund or estate, either during his lifetime or after his death.

2. The intention of a deed is as much the governing rule of construction as is that of a will, except that the former still requires formal words of limitation to make an estate of inheritance in conveyances of real estate.

3. A deed of settlement by E., on the marriage of her daughter F., declared the trust to be for the separate use of F. during her life, then in trust for her children living at the time of her death, and the issue of such as should be deceased, to be conveyed to them as they shall respectively attain twenty-one years of age, " and in default of such children or issue attaining twenty-one years of age, then in trust for such person or persons as would have been entitled to the said property or securities had E. died possessed thereof, after the death of the said F., without issue her surviving:" *Held*, that the words, " attaining twenty-one years of age," applied to both classes —children living at the death of F., and the issue of deceased children—and when the only child of F., who survived her, died, under twenty-one, the limitation over took effect to the persons who were the next of kin, to E.: *Held, further,* that there was no violation of the rule against perpetuities, no possibility that the estate could be tied up for a longer period than a life or lives in being and twenty-one years after.

January 30th 1880.     Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ.     GREEN, J., absent.

Appeal from the Court of Common Pleas, No. 2, of *Philadelphia county :* Of January Term 1879, No. 211.

Case stated for the opinion of the court, in the same manner and to the same effect, as if the facts therein stated were found by the report of an auditor ; and thereupon the court shall direct distribution of the assets and securities and money as ought to be done according to law.

Elizabeth M. Ebbs, being a widow, with five children, then living, in contemplation of the marriage of her daughter, Florence, executed and delivered a deed, together with the securities therein mentioned, to Richard Cowan and Arthur Ebbs, the trustees therein mentioned, which deed bears date October 7th 1866. The deed is as follows :—

" This indenture, made the seventeenth day of October, in the year of our Lord, one thousand eight hundred and sixty-six (1866), between Elizabeth Ebbs, of West Chester, county of Chester, state of Pennsylvania, of the first part, and Richard Cowan, of the city of Pittsburgh, in the state aforesaid, and Arthur Ebbs, of the said borough of West Chester, of the second part: Witnesseth, that the said party of the first part, for and in consideration of natural love and affection to Florence Ebbs, a daughter of the party of the first part, who is about intermarrying with Duncan Clinch

[Phillips's Appeal.]

Phillips, of the city of Pittsburgh, and of the sum of one dollar paid by the parties of the second part, at and before the sealing and delivery of these presents, the receipt whereof is hereby acknowledged, hath granted, bargained, sold, released and confirmed, and by these presents doth grant, bargain, sell, release and confirm unto the said parties of the second part, their executors, administrators and assigns, the sum of fifty thousand dollars; twenty thousand dollars of which is owing and payable by the Connecting Railroad Company, in the county of Philadelphia, and secured by their bonds for that amount, bearing interest; and the sum of fifteen thousand dollars is owing and payable by the Junction Railroad Company, in the said county, and secured by their bonds for that amount, bearing interest; and the like sum of fifteen thousand dollars is owing and payable by the Philadelphia & Erie Railroad Company, and secured by their bonds to that amount, bearing interest. All of which bonds are respectively secured by a mortgage on the property of the respective railroad companies. To have and to hold the above-mentioned sum of fifty thousand dollars unto the said parties of the second part, their executors, administrators and assigns for ever, in trust for the sole and separate use of the said Florence Ebbs, and to suffer and permit the said Florence Ebbs to receive the income and annual profit from the said bonds for fifty thousand dollars, or other securities in which the same shall be invested, or, in their discretion, to receive the same and pay over the said income into her proper hands for her sole and separate use during the term of her natural life; and from and after the termination of the said estate of her, the said Florence Ebbs, in trust, to hold the said property and securities in trust for such child or children of her, the said Florence Ebbs, as shall be living at the time of her death, and the issue of such as shall then be deceased bearing issue, such issue taking a parent's share, to be conveyed to them as they or the survivor, or survivors, of them shall respectively attain twenty-one years of age, in equal shares as tenants in common; and in default of any of such children *or issue attaining twenty-one years of age*, then in trust for such person or persons as would have been entitled to the said property and securities, had the party of the first part died possessed thereof after the death of the said Florence Ebbs without issue, her surviving."

The marriage of Florence Ebbs to Duncan Clinch Phillips immediately followed. Arthur Ebbs, one of said trustees, died in 1873. By deed, duly executed, the Philadelphia Trust, Safe Deposit and Insurance Company was, in 1873, substituted as trustee in the place of the said Richard Cowan, resigned.

Mrs. Florence Ebbs Phillips died on the 4th day of February 1870. She left surviving her one child, Florence Ebbs Phillips, who died on the 17th day of September 1878, at the age of nine

years and upwards. Her father, Duncan Clinch Phillips, survived her, and is still living, and is the next of kin of said child.

Mrs. Elizabeth M. Ebbs died on the 14th day of August 1878, leaving a will, dated the 2d day of December 1873, disposing of all her estate, and of this will John S. Newbold is the executor.

If the property mentioned in the account passed by this will, the proper person to receive it is the said executor, in trust for the uses of the will.

There were three children of Mrs. Elizabeth M. Ebbs, who survived her, viz., two daughters, Alice, intermarried with Joseph B. Dillingham, and Bessie, and a son, Walter, all of full age; and there were no other children, or issue of deceased children, living at her death, other than these three children, and the daughter of Mrs. Phillips, who died September 17th 1878, as above stated.

The said Elizabeth M. Ebbs also had one other child, named Arthur, who died in the year 1873, of full age, without issue, his widow, Mary, surviving him and still living.

As to the corpus of the estate, the question is, who of these persons is entitled to the same upon the death of Florence Ebbs Phillips, under the age of twenty one years, intestate, without issue and unmarried?

The court made a decree that "the residue of the funds in the hands of the accountants shall be paid or assigned to the three children of Mrs. Elizabeth M. Ebbs, as her next of kin, and entitled as such under the deed of settlement; that is to say, to Walter Ebbs, Bessie Ebbs and Alice Dillingham, in equal shares."

From this decree Phillips took this appeal.

*II. & G. C. Burgwin*, for appellant.—On the death of Florence the elder, an estate in fee was vested in her only surviving child, Florence, and on her death descended, in due course of law, to the appellant, as her next of kin, unless defeated and divested by the contingent limitation over. But the law leans in favor of a regular descent to next of kin (see Rupp *v.* Eberly, 29 P. F. Smith 141), and in favor of an absolute rather than a defeasible estate: Amelia Smith's Appeal, 11 Harris 9. Words which create an absolute estate will not, on a doubtful implication from other words, be construed contingent or defeasible: Rewalt *v.* Ulrich, 11 Harris 388.

The attaining of twenty-one years is applicable only *to the issue* of a deceased child of Florence, the mother, and not to the child itself, who might survive her. If her surviving child were required to attain twenty-one years in order to the absolute vesting of the estate, then, had such child married, had issue and died under twenty-one years, such issue would have been wholly disinherited, which could not have been intended.

[Phillips's Appeal.]

The opposite construction violates the law of perpetuity. See our statute against Trusts of Accumulation (18th April 1853, sect. 9; Purd. Dig., p. 1245), restricting them to one life, that of testator or donor, and twenty-one years. And in Hillyard *v.* Miller, 10 Barr 326, the court, GIBSON, C. J., say: "The rules against perpetuities and trusts of accumulation are the same, the mischief being the same." Had Mrs. Ebbs survived the child Florence Phillips, the trust till her death would have been one of accumulation, as there would have been no one to take meanwhile. The limitation over was not to take effect till the death of Mrs. Ebbs should determine the ultimate donees; and, as she might have lived till after the death of Florence Ebbs plus twenty-one years, it comes within the decision (Davenport *v.* Harris, 3 Grant 164), that future estates limited on a life estate and twenty-one years, not *sure* to take effect within that time, are void. The limitation over was to such persons as would have been entitled had Mrs. Ebbs died possessed thereof after the death of her daughter Florence without surviving issue. This limitation was void for uncertainty as to the persons to take under such *descriptio personarum;* and uncertainty of meaning determines the construction in favor of descent by law: Lipman's Appeal, 6 Casey 184.

Finally, if it be argued that, in a general way, the intent of the grantor was that on failure of issue of her daughter Florence, the property should revert to those of her own blood, the answer is that this is a deed, not a will, and should be construed most strongly against the grantor; and that the courts will not in a deed, as in a will, force a construction to carry out a supposed but not expressed intention. And, as was said in Morris *v.* Stephens, 10 Wright 200, a grantor cannot "expect the courts to substitute their certainty for his uncertainty."

*R. C. McMurtrie,* for appellees.—The fact that the limitation failed to provide for the issue of a deceased child of Florence the younger, who might die under age, does not invalidate the limitation. The omission to provide for such issue was possibly a blunder of the conveyancer, and such a reason has never been allowed to control even a will, much less a deed: 1 Jarman on Wills 744; Martin *v.* Glover, 1 Collyer 272.

The limitation is not to Mrs. Ebbs's next of kin, but to the persons who would be next of kin on the hypothesis of Mrs. Ebbs being then dead, and having survived Mrs. Phillips and all her posterity. How is it possible to assert that a limitation to take effect at furthest on the death of a grantee in a deed, is a perpetuity? The argument seems to rest on the possibility (upon the assumption that Mrs. Ebbs's actual death is the period for vesting), that there may be an interval between the contingency happening and

that event, and that the statute relating to accumulations prohibits this. It prohibits accumulation, but does not affect a limitation.

If the limitation over is either to Mrs. Ebbs, or to Mrs. Ebbs's executors, or to her legatees, or to her next of kin, it is quite sufficient for the purpose of this case, as the applicant is not entitled under any construction or in either category. The property is in a trustee, and the court cannot give it to one who under no possible circumstances is entitled because of an uncertainty whether A., B. or C. may be the proper persons. Florence Ebbs Phillips was to be entitled to a conveyance only on attaining twenty-one. As she died at the age of ten, it is difficult to see how her administrator can be entitled. It is for the persons who may thus be entitled either to litigate, or combine and settle the difficulty among themselves ; and this record shows they have done so by consenting to the decree that has been made.

Chief Justice SHARSWOOD delivered the opinion of the court, February 24th 1880.

The question in this cause depends upon the construction of the deed of October 17th 1866, which was a settlement by Mrs. Elizabeth Ebbs on the marriage of her daughter Florence with the appellant. It declares the trust to be for the separate use of Florence during her life, then in trust for her children living at the time of her death, and the issue of such as should be deceased to be conveyed to them as they shall respectively attain twenty-one years of age. The provision which follows has given rise to this controversy : " And in default of such children or issue attaining twenty-one years of age, then in trust for such person or persons as would have been entitled to the said property or securities had the party of the first part (the said Elizabeth Ebbs, the grantor) died possessed thereof after the death of the said Florence Ebbs without issue her surviving." There is no uncertainty as is contended in this limitation over. It was not necessary to wait for the death of Mrs. Ebbs to ascertain who would be her next of kin, or who would have been entitled had she died possessed thereof after the death of Florence, without issue her surviving. It is not like a limitation of real estate to the heirs of a person living, where the rule *nemo est hæres viventis* might create a difficulty. The next of kin of a person is ascertainable at any period which may be named for the vesting of a fund or estate. The words "attaining twenty-one years of age" apply to both classes—children living at the death of Florence and the issue of deceased children. When, therefore, the only child of Florence who survived her died under twenty-one, the limitation over took effect to the persons who were then the next of kin of Mrs. Ebbs. There was no violation of the rule against perpetuities, no possibility that the estate could have been tied up for a longer period than a life or

12 NORRIS—4

[Phillips's Appeal.]

lives in being and twenty-one years after. When the deed was executed Florence of course was in full life, and the ultimate limitation could not reach beyond twenty-one years after her death. At that period the absolute estate must vest in the persons at that time the next of kin of Mrs. Ebbs, whether she was then living or dead. The intention is very plain that Mrs. Ebbs did not mean this fund to pass to any who were not of her blood. There was nothing in the provision of the deed which was contrary to law. The intention of a deed is as much the governing rule of construction as in a will, except that the former still requires formal words of limitation to make an estate of inheritance in conveyances of real estate.

Decree affirmed and appeal dismissed at the costs of the appellant.