Edmund Schlegel and Mary Schlegel, Executors, etc., of Solomon Schlegel, Deceased, *v.* Samuel Herbein, Appellant.

*Deed—Reservation—Ownership of dower fund.*

Where one brother conveys to another his undivided moiety in a farm left by their father, there remains in the grantor no interest in the dower fund originally charged on the land, unless such interest is newly created by a reservation in the deed.

An owner of land died intestate leaving to survive him a widow and three sons, S., B. and J. J. conveyed his undivided interest in the land to S. and B. subject to the dower of his mother. B. subsequently conveyed his undivided interest by deed to S., subject to the payment of the interest on the dower to the widow " and immediately after her death the principal to the heirs and legal representatives " of the father. Immediately following this clause was the following " Together with all and singular the houses . . . . reversions and remainders . . . . and all the estate, right, title, interest, property, claim and demand whatsoever, of B. in law, equity or otherwise howsoever, of, in and to the same and every part thereof." The evidence showed that the conveyance of B. to S. was

to defeat B's creditors.   Subsequently B. was adjudicated a bankrupt, and the assignee in bankruptcy sold B.'s interest in the dower fund to plaintiff's predecessors in title.   S. was at the sale and bid on the property without announcing that he claimed the fund.   *Held,* that a verdict and judgment for the plaintiff for B.'s interest in the dower fund should be sustained.

Argued March 4, 1896.   Appeal, No. 174, Jan. T., 1896, by defendant, from judgment of C. P. Berks Co., May T., 1895, No. 148, on verdict for plaintiffs.   Before Green, Williams, McCollum, Mitchell and Dean, JJ.   Affirmed.

Assumpsit to recover an interest in a dower fund.

At the trial it appeared that sometime prior to 1860, John Herbein died intestate, leaving to survive him a widow and three sons, Samuel, Benneville and John.   John conveyed his undivided interest in two tracts of land to Samuel and Benneville. The conveyance was made by separate deeds.   The first deed contained the following clause :

" Under and subject to the payment of a dower of five thousand, three hundred and fifty-five dollars, the interest thereof to be paid annually to Susanna Herbein, the widow of said deceased, and immediately after her death the principal to the heirs and legal representatives of said John Herbein deceased."

The second deed contained the following clause :

" Under and subject to the payment of a dower of forty-four dollars and fifty cents, the interest thereof to be paid annually to Susanna Herbein, the widow of said deceased, during her natural life, and immediately after her decease the principal to the heirs and legal representatives of said John Herbein, deceased."

On September 9, 1869, Benneville conveyed his undivided interest in both tracts to Samuel by a deed which contains the following clause :

" The first mentioned tract of land *being* subject to the payment of a dower of five thousand, three hundred and fifty-five dollars, and the last mentioned subject to the payment of a dower of forty-four and fifty-one-hundredth dollars, the interest of both dowers to be paid annually to Susanna Herbein, widow of said decease (deceased), and immediately after her death the

principal to the heirs and legal representatives of the said John Herbein, deceased."

Immediately following the reservation, the deed contains the following clause:

" Together with all and singular the houses, outhouses, barns, stables, ways, waters, water-courses, rights, liberties, privileges, hereditaments and appurtenances, whatsoever thereto belonging or in any wise appertaining, and the reversions and remainders,. rents, issues and profits thereof ; and all the estate, right, title,. interest, property, claim and demand whatsoever, of Benneville Herbein in law, equity, or otherwise howsoever, of, in and to the same and every part thereof."

Then all the formal parts of the deed follow, including a special warranty without any reference to any restriction or reservation whatever.

The evidence showed that the conveyance was made to defeat Benneville's creditors. Subsequently Benneville was adjudged a bankrupt, and his assignee in bankruptcy sold his interest in the dower fund to Solomon Schlegel, one of Benneville's creditors for $990. At this sale Samuel bid against Schlegel, and made no announcement that he claimed the fund..

The court charged in part as follows :

[It appears from the receipt indorsed upon this deed that a certain sum of money was paid as the consideration of this conveyance, which exceeds by about $300 the sum that would be due according to the purchase money fixed in the deed, if the dower interest of Benneville Herbein in the widow's dower had been reserved as existing to him at the end of the widow's life, and you are asked, gentlemen, to infer that when these people dealt with each other, when this deed was made, it was the intention of the parties to pass to Samuel Herbein the whole of the interest of Benneville Herbein in the land and in his expectancy upon the death of the widow, and that is the question, gentlemen, and about the only question which you will have to decide in this case. You will have to decide it, gentlemen, in the light of all the evidence that has been given here bearing upon it, in the light of this reservation in the deed which I have read to you, in the light of that further clause in the deed which I have read to you, in the light of the receipt which was. indorsed upon this deed, and also in the light of all the other

circumstances that have been shown. But you will not forget, gentlemen, that, according (as I understand it) to the undisputed evidence in this case, when this deed was made, that is to say, on September 9, 1869, there was no money passed from Samuel Herbein to Benneville Herbein. As I understand it, it is the undisputed evidence in this case that no money whatever was paid for this conveyance until somewhat over a year later, when 'Squire Buskirk had become the assignee in bankruptcy of Benneville Herbein, and then the money was paid to him.

Now, gentlemen, if this was a voluntary conveyance, that is to say, a conveyance for which no money was paid at the time it was made, then when 'Squire Buskirk became the assignee it was his right to do one of two things—either to have this transaction set aside, to treat it as nothing, or else to insist upon the performance of it according to its terms. It seems he did the latter. The question, therefore, for you to determine is, what was the understanding of the parties at the time the money was paid, what was the understanding between Samuel Herbein and 'Squire Buskirk as to the effect this deed had in passing the interest of Benneville in the dower of the widow ? You are, of course, to consider also what was the understanding when the deed was made, but the decisive point of inquiry is, when the money was paid, when the transaction was consummated between Samuel Herbein and 'Squire Buskirk, what was the effect the transaction had then ? And upon that question, gentlemen, it is your business to consider everything that was said and done at the time, you will consider what the evidence is as to what passed between Mr. Herbein and Buskirk, and you are also to consider the subsequent acts of both the parties to this transaction, the subsequent acts of 'Squire Buskirk and also the subsequent acts of Samuel Herbein, and in the light of all this evidence, remembering everything testified to on both sides, you will decide which of these versions is the correct one, and according, as you find, return your verdict in favor of the plaintiffs or defendant.] [4]

Verdict for plaintiffs for $1,799.83.

The court refused a new trial, ENDLICH, J., filing the following opinion :

When Benneville Herbein conveyed to Samuel Herbein his

undivided moiety in the farm left by their father, it is perfectly clear, that, unless newly created by a reservation in the deed (for such is the function of a reservation, which is, therefore, to be distinguished from an exception: Whitaker v. Brown, 46 Pa. 197; Kister v. Reeser, 98 Pa. 1; Moffitt v. Lytle, 165 Pa. 177), there was in him no interest in the dower fund originally charged upon the land: Steckel v. Koons, 102 Pa. 493. It is also true that the clause in Benneville's deed to Samuel which is relied upon as making that reservation is not found in that portion of the deed where a reservation would properly be looked for, and that the language in which it is couched is not the most apt for such purpose. But where a deed is inartificially drawn, as this one manifestly is, too much stress is not to be laid upon the terms employed, or, as is evidenced by the decision in Ivory v. Burns, 56 Pa. 300, upon the position of any clause indicative of the intention of the parties, the cardinal rule being that the latter is to be effectuated, if lawful, by construing the instrument as a whole and giving force to every part of it: Wager v. Wager, 1 S. & R. 374; Means v. Presb. Church, 3 W. & S. 303; Phillips's App., 93 Pa. 45, and the receipt appended to a deed, as well as the recitals contained in it, being part of it: Pryor v. Wood, 31 Pa. 142. But this case does not depend solely upon the terms of Benneville's deed to Samuel. It is very clear from the evidence elicited at the trial that no part of the consideration mentioned in it was paid at the time of its execution and delivery, and that the purpose of it was to keep at bay Benneville's creditors. Upon Benneville's adjudication as a bankrupt, it became the right of his assignee to annul the transaction: Bump on Bankr., 323, 338, et seq. He did not do this, but held Samuel to his bargain. The real question in this case then is, what was the bargain as understood by the parties at that time? Upon this question, of course, the acts of Samuel, as well as those of Benneville's assignee within the knowledge of Samuel and unobjected to by him, were competent evidence. From all of them, the jury found that the parties understood that there was a reservation in favor of Benneville of a one-third interest in the principal of the dower originally charged upon the land, and that that interest was assets in the hands of his assignee, capable of being passed from him, by sale, to his vendee. Now, courts will not assume to understand the interests of con-

tracting parties better than the parties themselves: Phillips v. Blatchford, 137 Mass. 510. The construction, therefore, which the defendant himself, in his dealings with the assignee, placed upon the deed from Benneville to Samuel, and in accordance with which he permitted the assignee and the plaintiff's testator to act, is certainly the construction which the court ought to adopt, especially since to reject it would do distinct injury to the plaintiffs, whose testator, if it was wrong, was justifiably misled by defendant's own apparent acquiescence in it.

It is hardly needful for me to add that I have not come to this conclusion without full consideration of the ingenious and earnest argument of the learned counsel for the defendant. But under the view I feel myself constrained to adhere to, it would scarcely be proper, much less profitable, to discuss all of his contentions in detail.

There was in the verdict an error of calculation, which, as I understand counsel for both parties, is to be rectified by agreement, so as not to stand in the way of a final disposition of the cause. When that correction is made upon the record, the rule to show cause will be discharged. For the purpose of enabling it to be made, the rule to show cause is continued to January 6, 1896.

The court entered judgment upon the verdict.

Defendant appealed.

*Error assigned* among others was (4) above instruction, quoting it.

*John H. Rothermel*, of *Rothermel Bros.*, for appellant.—In cases of doubt the alleged reservation must be taken most strongly against the party in whose favor it is made: White v. Smith, 33 Pa. 186; Beeson v. Patterson, 36 Pa. 24; Lane v. Nelson, 167 Pa. 606.

It is clear that without an express reservation in favor of Benneville, his entire interest, including the alleged dower, passed to Samuel: Steckel v. Koons, 102 Pa. 493.

The words " grant, bargain and sell " do not create a general warranty, but amount only to a covenant, i. e., that the grantor has done no act, nor created any incumbrance, whereby the estate granted may be defeated: Lessee v. Ewalt, 2 Binn. 95; Dorsey v. Jackman, 1 S. & R. 42; Seitzinger v. Weaver, 1 R. 377.

A habendum stating that the estate is to be held "subject to" or "under and subject to" an incumbrance, or to an estate reserved, or to the performance of any covenants, implies a covenant of indemnity by the grantee to the grantor in respect of such incumbrance, estate or covenants: 9 Am. & Eng. Ency. of Law, 962; Buckley's App., 48 Pa. 491; Am. Acd. etc. v. Smith, 54 Pa. 130.

The alleged reservation states that the whole tract is subject to a certain dower in a conveyance, in which Benneville conveys only his moiety or half interest. Even if the entire tracts are subject to the whole dower, it does not follow that Benneville did not pass his interest to Samuel.

The alleged reservation does not sufficiently restrict the effect of the words "grant, bargain and sell," so as to enable the plaintiffs to recover in this case.

*Jefferson Snyder*, of *Baer & Snyder*, *P. S. Zieber* with him, for appellees.

PER CURIAM, March 27, 1896:

The judgment in this case is affirmed on the opinion of the learned court below on the motion for a new trial.