## Aiken, Appellant, v. Zahn.

*Contract—Privity of estate—Oil lease—Confusion of goods.*

The term privity denotes mutual or successive relationship to the same rights of property. Privity of estate is not created by the receipt of a part of the product of the estate. An interest in the estate itself is necessary to create such privity.

Where a lessee under a gas lease mingles the gas from the demised premises with the gas of other persons so as to constitute a confusion of goods, and he is compelled to pay and account to such other persons for the value of the whole mass of gas, the lessor is in no such privity with such other persons as will enable him to collect from them the royalty on the gas which was mingled with theirs.

Argued May 12, 1903. Appeal, No. 37, April T., 1903, by plaintiff, from judgment of C. P., Lawrence Co., June T., 1898, No. 56, for defendants non obstante veredicto in case of R. A. Aiken v. W. A. Zahn, Robert Frew, C. W. Bassett, E. A. McMillin et al. Before RICE, P. J., BEAVER, ORLADY, SMITH, W. D. PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Assumpsit to recover the value of gas. Before MILLER, P. J.
The facts are stated in the opinion of the Superior Court.

At the trial the jury returned a verdict of $567.64, subject to the question of law reserved whether there was any evidence in the case to be submitted to the jury upon which the plaintiff was entitled to recover.

The court in an opinion by MILLER, P. J., entered judgment for defendants non obstante veredicto.

*Error assigned* was in entering judgment for defendants non obstante veredicto.

*James A. Gardner* and *Robert K. Aiken*, for appellant.—In a trust ex maleficio, the c. q. t. is the real owner and entitled to all the rights and to the consequences of said ownership: 2 Pomeroy's Eq. Jur. sec. 1068.

The defendants being entitled to the income or the profits of the Aiken well, whether as legal or equitable owners, are liable to the plaintiffs for the rentals: Berry v. McMullen, 17 S. &

R. 84; Duff v. Bayard, 4 W. & S. 240; Elkinton v. Newman, 20 Pa. 281.

One who enjoys the profits, or the right to enjoy the profits, is in privity of estate; and it is not necessary that he actually shall receive the profits, or be in actual possession of the land —it is sufficient that he is the owner of the equitable interest and is in constructive possession: McClaren v. Citizens' Oil & Gas Co., 14 Pa. Superior Ct. 167, 172; Wickersham v. Irwin, 14 Pa. 108; Thomas v. Connell, 5 Pa. 13; Hannen v. Ewalt, 18 Pa. 9; Berry v. McMullen, 17 S. & R. 84.

*S. W. Dana* and *Richard F. Dana*, with them *S. D. Long*, for appellee, cited: Hartley v. Phillips, 198 Pa. 9; McClaren v. Citizens' Oil & Gas Co., 14 Pa. Superior Ct. 167.

OPINION BY HENDERSON, J., October 5, 1903:

W. A. Zahn, Robert Frew, C. W. Bassett, E. A. McMillin and others were joint owners of certain oil and gas leases on 1,000 acres of land in Shenango and Slippery Rock townships in Lawrence county upon which two gas wells had been drilled. The lessees were doing business under the name "Citizens Oil & Gas Company of New Castle, Pa." On January 31, 1893, the owners of these leases entered into an agreement in writing with E. A. McMillin and J. M. McMillin, under the terms of which the last named parties agreed to construct a gas line from the leased premises to New Castle, to develop the leased property as might become necessary for its profitable management, and to pay to W. A. Zahn, treasurer of the Citizens Oil & Gas Company, one quarter of the net proceeds arising from the sale of gas. On the same day E. A. McMillin and J. M. McMillin, the second parties in the contract above recited, entered into a contract in writing with Oliver C. Redic by the terms of which they sold to Redic the gas produced from the wells then drilled and to be drilled on the 1,000 acres, and Redic agreed to construct a pipe line from the leased premises to the city of New Castle and pay to the first parties to the contract one half of all amounts received from the sale of gas. Pursuant to the provisions of the contract last recited, a pipe line was laid from the leased premises to the city of New Castle, and a large quantity of gas was thereby conducted to that city and sold. On June 9, 1894, Zahn

and others filed a bill in equity in Lawrence county against E. A. McMillin and J. M. McMillin alleging that the contract of January 31, 1893, under which they assigned their interest in the oil and gas leases on the 1,000 acres to E. A. McMillin and J. M. McMillin, was fraudulently obtained from them, and praying that the defendants (E. A. McMillin and J. M. McMillin) be adjudged trustees ex maleficio, and that a decree for an account be entered against them for all the gas produced from the said 1,000 acres. The case was so proceeded with that a decree was entered against the defendants in accordance with the prayer of the complainants' bill, and the defendants in the bill were charged in the accounting with all the gas produced from the leases referred to, and also with the proceeds of the gas taken by J. M. McMillin from a certain piece of land in Slippery Rock township, Lawrence county, leased to him for oil and gas purposes by R. A. Aiken, the plaintiff in this case. The lease from Aiken was made on October 16, 1894, and covered about eighty-five acres. This lease provided for an annual rent of $200 for each well drilled on the premises. After the construction of the pipe line to New Castle from the wells on the 1,000 acres, gas from a well or wells on the Aiken land was turned in to the same line and was included in that sold by E. A. McMillin and J. M. McMillin to Redic, and for which they were required to account in the proceeding in equity. The claim of the plaintiff in this action is that the appellees are liable for the rent due under his lease to J. M. McMillin because they, the appellees, received the benefit of the gas taken from his land in the accounting in the equity proceeding.

It appears from the report of the master in the equity proceeding that the gas from the Aiken lease was not taken into separate consideration because it was impossible to ascertain how much gas had been sold from the 1,000 acres in which the plaintiffs in the equity proceeding had an interest, and how much had been received from the sale of gas taken from the Aiken lease. No measurement of the quantity taken from the Aiken lease had been made, and no evidence was offered or apparently obtainable to show just how much gas had been sold from the 1,000 acres. There was such a confusion of the gas by discharging it from the wells into one conduit that a separation

could not be made in the accounting, and, inasmuch as the defendants were in default and adjudged liable to account and were unable to show how much gas had been taken from the 1,000 acres, they were held to be liable for the whole amount of gas sold.

The case was evidently determined on the doctrine of confusion of goods so far as the gas from the Aiken lease was concerned, for it was not claimed by the plaintiffs in the equity proceeding that they had any interest in that lease. Indeed the bill in equity was filed more than four months before the plaintiff executed his lease to McMillin. All of the rights of the plaintiffs in the equity proceeding grew out of their interest in the leases for the 1,000 acres, and their complaint was based on the rights thereby secured. The operation of the decree in the equity proceeding would not go beyond the equities set forth in the bill and the prayer for relief with reference thereto.

The facts presented do not create a relation between the plaintiff and the defendants which will sustain an action for rent on the lease. Neither privity of contract nor estate is shown. The only reason presented in support of the action is that the appellees received compensation for gas taken from the Aiken lease by operation of the decree in the equity case. This comes very short of showing privity of estate. " The term privity denotes mutual or successive relationship to the same rights of property : " 1 Greenleaf on Evidence, sec. 189. A privy is one who has an interest in an estate created by another. Zahn and the other lessees of the 1,000 acres had not, and did not claim to have, any interest in the Aiken lease, and did not demand, and were not entitled to receive, any accounting of the gas taken from that lease. Privity of estate is not created by the receipt of a part of the product of the demised premises. An interest in the estate itself is necessary to create such privity. If the plaintiffs in the equity proceeding had claimed and been able to show that they had an interest in the Aiken lease, and had been adjudged entitled to a share in the gas from that farm because of their interest in the lease, the appellant would have standing to contend that they were liable to him for the rent, and that, whether they were the legal or only the equitable owners of the interest.

The case of Berry v. McMullen, 17 S. & R. 84, and other cases cited by the learned counsel for the appellant do not go further than to hold that one who has an equitable interest in land and is legally entitled to receive the income from it is liable in covenant as assignee for rent, although the legal title is in another. The test of liability is that the person sought to be charged is the actual owner and entitled to receive the income.

The case now under consideration is upon a very different foundation. Zahn and his cotenants could have no sort of standing to claim an interest in the estate created by the Aiken lease, and their only interest in the product of it grew out of the relation of that product to other property in which they had an interest. The judgment is therefore affirmed.