## Grimm v. Schrock et ux.

*Frank R. Coder* and *Frank Coder, Jr.*, for plaintiff.

*Henry G. Gress* and *Shaver & Heckman*, for defendants.

LANSBERRY, P. J., August 9, 1950.—R. E. Grimm, plaintiff, instituted this action in assumpsit against Edward S. Schrock and Minerva Schrock, defendants, claiming damages for the alleged breach of warranty for quiet enjoyment in a timber deed in which defendants are the alleged covenantors. Preliminary objections were filed by defendants and are now before the court for disposition.

The facts are as follows: Defendants executed, acknowledged and delivered to Robert Gardner and Ralph Bungard a deed for the timber on 16 acres of land for the named consideration of "one dollar and other good and valuable considerations", said deed dated and recorded January 21, 1945, and containing as a condition that the timber be removed within two years from date and thereafter the deed to become null and void and further providing for a right of way over the land of the grantors for the removal of the timber. The deed also contained the following general warranty clause:

"And the said grantors do hereby covenant and agree to and with the said grantees that they, the

grantors, their heirs, executors and administrators, shall and will generally warrant and forever defend the hereinabove described premises, with the hereditaments and appurtenances, unto the said grantees, their heirs and assigns, against the said grantors and against every other person lawfully claiming or who shall hereafter claim the same or any part thereof."

By deed executed, acknowledged, delivered and recorded July 9, 1948, Robert Gardner conveyed his undivided one-half interest in the residue of the timber to his cotenant, Ralph Bungard, this deed reciting the prior conveyance, including the right of way and containing the identical warranty clause.

At the bottom of the last-mentioned deed there appear the following two notations, neither of which are acknowledged nor recorded:

1. "Transferred this 8th day of October, 1948, from Ralph Bungard of Rockwood, Penna., to G. F. Speicher, Jr., of Rockwood, Pa.

RALPH BUNGARD

Signed and sealed this 8th day
of October, 1948.
W. F. SEMBOWER,
Rockwood, Pa.
Justice of the Peace
Commission Expires        (SEAL)
Jan. 1, 1954."

2. "Transferred this 5th day of January 1949 from G. F. Speicher, Jr. of Rockwood, Pa. to R. E. Grimm of Somerset, Pa.

F. G. SPEICHER, JR."

Prior to January 19, 1950, R. E. Grimm, this plaintiff, entered upon the tract of land, cut and removed 8 or 10 truck loads of logs and mine props; on that day defendants entered upon the timber tract and stopped plaintiff and his employes from further cut-

ting and removal of timber and forcibly evicted plaintiff and his employes from the tract.

Six specific preliminary objections were interposed by defendants, the first four of which in substance are that there is no privity of estate between this plaintiff and these defendants; the fifth preliminary objection is in substance that the pleadings neither allege nor reveal an eviction by defendants by title paramount in defendants (which objection now appears to have been removed by suitable amendments filed by plaintiff), and the sixth objection which attacks the measure of alleged damages as averred by plaintiff.

It is the contention of plaintiff that these defendants by their deed of January 21, 1948, gave a general warranty of title which included the covenant for quiet enjoyment, that they became covenantors as to all future assignees, which included "transferees", that the covenant of quiet enjoyment was a covenant running with the land and enforcible by all future assignees which included "transferees", and that defendants breached the covenant when they prevented plaintiff from cutting and removing timber on January 19, 1950.

Defendants admit that as between themselves and their grantees and assignees of record they are covenantors of the title, but their covenant does not extend to this plaintiff because of the want of privity of estate as to him.

While plaintiff rests his contention on the assumption that defendants' deed for timber, together with the right-of-way to remove the same, was a sale of realty and not merely a sale of personalty, we need not decide that question nor find the intention of the parties with reference thereto: Havens et al. v. Pearson, 334 Pa. 570. If the original instrument is a sale of personalty, then obviously there is no covenant of quiet enjoyment running with the land which is the neces-

sary basis for plaintiff's action, and it follows that the preliminary objection would have to be sustained. If the original instrument is a sale of realty, then obviously the subsequent conveyances of that interest in land must be sufficient in form to carry the covenant running with the land to this plaintiff. We cannot find these alleged conveyances (transfers) sufficient and must, therefore, conclude that there is a want of privity of estate as to this plaintiff. This conclusion necessitates that we sustain the fourth preliminary objection entered to plaintiff's complaint.

We have no doubt that Ralph Bungard intended to and did sell his interest in the standing timber to G. F. Speicher, Jr., on October 8, 1948. While there is no consideration mentioned, nor is the "transfer" under seal, for our present purposes we may assume a lawful consideration could be proven for this transfer. Nor do we have any doubt that G. F. Speicher (inadvertently written F. G. Speicher) intended to and did sell his interest in the standing timber to R. E. Grimm on January 5, 1949. While here again there is no consideration mentioned, nor is this "transfer" under seal, for our present purposes, we may assume a lawful consideration could be proven for this transfer.

Plaintiff relies primarily upon the statement in Stark et ux. v. Lardin, 133 Pa. Superior Ct. 96, that " 'Privity denotes merely a succession of relationship to the same thing whether created by deed or by other act, or by operation of law' ". A careful examination of that case discloses that the privity there considered was privity of succession as applicable to cases involving the question of adverse possession. Here the question of privity is not one of possession but rather privity of estate upon which to ground the liability of the covenantor on his covenant.

Plaintiff further relies upon Aiken v. Zahn, 23 Pa. Superior Ct. 411, wherein it is said that a "privity is

one who has an interest in an estate created by another". An examination of that case and those cited therein discloses that the question of liability by virtue of privity of estate was the liability of the lessee, assignee or vendee in oil leases, ordinary leases and ground rents and not the liability of the vendor covenantor as here for alleged breach of warranty of title.

It is apparent that if plaintiff can recover from these defendants it must be founded on the alleged breach of the covenant of title, a covenant running with the land by virtue of the privity of estate between the covenantors and this remote "transferee". There must be a conveyance of the estate; a covenant running with the land is not an ordinary covenant transferable by mere assignment; a transfer is not sufficient. The applicable principle of law is stated in 2 Williston on Contracts, 1238:

"In order that the benefit of a covenant shall run with the land it is essential that title to the land be transferred and a larger estate than a leasehold can be transferred only by deed."

And in 34 Am. Jur., Logs & Timber, §12, it is stated:

"The doctrine established in most jurisdictions follows the principle that growing trees are part of the land and holds that the title to or interest in the same can be conveyed or transferred only by written instrument, complying with the statute of frauds, and this is held true whether or not the parties contemplate their immediate severance and removal by the vendee."

This same principle is applicable as to the assignee of the vendee: 21 C. J. S. 942.

To accept plaintiff's contention that there was a conveyance of the interest in the real estate sufficient to support the covenant running with the land, would be contra to all established methods and principles of conveyancing and would in effect be holding that the

bare word transfer would be sufficient to convey real estate.

For the reason mentioned we are constrained to enter the following

### Order

Now, August 9, 1950, the fourth preliminary objection is sustained, and plaintiff is allowed 20 days from date to further amend his pleadings in such manner as he shall elect.