## Saltonstall *et al. versus* Little.

1. K. conveyed to V. several tracts of land, reserving "all the pine timber on said tracts, together with the right and privilege to cut, remove, take and carry away the same or any part thereof at any and all times; also the right of ingress and egress at any and all times, for the space or term of twelve years from the date above written, for the purpose so as aforesaid." *Held*, that the parties having fixed their own time for the removal of the timber, the right of entry as well as the right of property therein fell with the expiration of that time.

2. The limitation upon the right of entry was a limitation upon the exception itself. It was a reservation of the timber for twelve years and no longer. After that time the trees remaining passed with the grant of the soil to which they were attached.

June 2d 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. WOODWARD, J., absent.

Error to the Court of Common Pleas of *Elk county:* Of May Term 1879, No. 93.

[Saltonstall *v.* Little.]

Amicable action of ejectment, by Horace Little, executor of Daniel Kingsbury, deceased, against Leverett Saltonstall and others, trustees, &c.

A case was stated for the opinion of the court as follows:

Daniel Kingsbury was the owner of certain tracts of land in Fox, now Horton Township, Elk county, known as warrants 4453, 4450, 4369, 4344, 4343 and 4342 a part of which by deed dated 5th January 1860, the said Kingsbury and wife conveyed to Joseph A. Veazie, and the title so conveyed is now vested in the defendants as trustees. In the deed from Kingsbury to Veazie, after excepting some pieces of land, is the following clause: "And also reserving unto the parties of the first part hereto, their heirs and assigns, all the pine timber on the aforesaid six warrants or tracts, together with the right and privilege to cut, remove, take and carry away the same, or any part thereof, at any and all times, also the right of ingress and egress at any and all times, for the space or term of twelve years from the date first above written for the purpose so as aforesaid."

That there is nothing in the said deed tending to qualify or explain the said clause above quoted, the said deed being otherwise absolute. That on the 10th day of December 1859, twentysix days before the date of said deed to Veazie, the said Kingsbury entered into an agreement in writing with Joseph S. Hyde, which said agreement contained among other things the following: "And said Kingsbury further agrees to sell to said Hyde all the pine timber suitable for manufacturing into lumber, on warrants or tracts of land numbered respectively 4434, 4469, 4453 and 4450 in the said county of Elk and state of Pennsylvania, with the right of ingress and egress for the purpose of cutting and taking away said pine timber aforesaid. It is further agreed that said Hyde shall take the pine timber off from said warrants, numbered 4450 and 4453 within twelve years from the date of this instrument."

If the court be of opinion that the property in said pine timber, remained in the said Kingsbury, his heirs, executors or assigns, after the expiration of the term of twelve years, limited in the said deed, for the purpose of cutting and removing the same, then judgment to be entered for the plaintiff, but if the court be of the opinion, that after the expiration of said term, the property in said timber passed to Veazie and his assigns, then judgment to be entered for defendants. The final judgment in this action to be conclusive as to the title of the parties to said timber.

The court Wetmore, P. J., entered judgment for the plaintiff. The defendants took this writ and assigned this action for error.

*George A. Rathbun,* for plaintiffs in error.—The first part of the clause standing alone, without the reservation of the right of ingress and egress, would have been a valid exception of the

[Saltonstall *v.* Little.]

pine timber on the land, and would have carried with it the right of entry upon the land until the timber was removed, or the right of entry was terminated by a reasonable notice.

The twelve years limited in Hyde's agreement, for removing the pine, having long since expired, and he claiming no right of entry or any title to the remaining pine, this case was instituted for the purpose of obtaining an adjudication of the rights of the vendor and vendee under the deed of 5th January 1860.

In Boults *v.* Mitchell, 3 Harris 371, it was held that the right to cut timber was not to continue for ever at the pleasure of the grantor, and if he refuses to exercise his right after reasonable notice to do so, the right itself is determined, and the right of entry gone.

If then, the right of entry may be determined by a reasonable notice by the vendee as adverse to the vendor, may not the vendor himself fix the "reasonable notice," or the time within which he may enter and remove that which he has accepted, thus making a law for himself and his grantee in regard to the subject-matter.

A limitation upon the right of entry, is a limitation of the estate excepted. An exception of standing timber constitutes a severance from the freehold only conditionally, and where there is no limitation of time, there is an implied condition that the timber shall be taken off at the request of the owner of the fee. All the rights of the plaintiff rest upon the exception or reservation. An integral part thereof, was the limited time within which the timber could be removed.

*John G. Hall* and *C. H. McCauley*, for defendant in error.— The intent to create a condition must be not only clear, but in a deed, expressed in apt words ; and we have in this deed neither the words *proviso, ita quod, sub-conditione,* nor are there any others equivalent to them. Nor are there any to indicate an intent to create a condition : Cook *v.* Trimble, 9 Watts 16.

When there is a breach of the condition upon which an estate has been granted, the grantor may re-enter, because the estate *reverts* to him. But with what reason should that be held to be a condition, a breach of which should operate to take from a grantor an estate which he had never conveyed, and transfer it to the grantee, who had never owned it, thereby operating not simply to defeat an estate, but as a new conveyance ?

Mr. Justice PAXSON delivered the opinion of the court, June 23d 1879.

Whether we regard the clause in controversy, in the deed from Kingsbury to Veazie, as a reservation or an exception, the result is the same, for in either event Kingsbury or his grantee of the timber was restricted to twelve years, in which to cut and remove

[Saltonstall *v.* Little.]

it. The reservation of the timber was not an absolute severance of it from the freehold. It was a severance only upon the condition of its removal within twelve years. It is true no such express condition appears, and the words *proviso, ita quod* and *sub-conditione,* so much relied upon by Lord Coke, are not to be found in the reservation. But conditions may be implied as well as expressed. There is abundance in the reservation from which such a condition may be implied. " If a man grant all his trees to be taken within five years, the grantee cannot take any after the expiration of five years, for this is in the nature of a condition annexed to the grant:" Bacon's Abridgment, tit. *Grant.* In Boults *v.* Mitchell, 3 Harris 371, there was a sale of the land, " excepting and reserving therefrom, all the timber that is suitable for rafting and sawing of every description." In that case no time was limited within which the timber must be removed, yet it was held that " the grant was in its very nature determinable ; the right to cut timber was not to continue for ever at the pleasure of the grantee and his assigns ; and if from the destruction of the trees, the subject of it, or the refusal of the party to exercise his right after a reasonable notice to do so, the right itself is determined ; the privilege of entry is gone with it, and the owner of the land may sue for breach of close, though he may not recover in damages the value of trees taken, the property of which is not in him." In the case in hand, the parties have fixed the time during which the trees may be removed. Had no time been limited, the law would have allowed a reasonable time in order that the grantor might not be defeated of his reservation. But he would have been compelled to remove them upon reasonable notice, otherwise the reservation would have been a perpetual servitude, which was not contemplated by the parties, and is repugnant to the grant. Having fixed their own time for the removal of the timber, it is too clear for argument, that the right of entry falls with its expiration. It was contended, however, that even if the right of entry is gone, the right of property in the trees remains, and the case stated was evidently framed to meet this possibility. It would certainly be a barren right to own trees upon another's land, with no right of entry to take them away. The plaintiffs have no such property in the timber. The limitation upon the right of entry was a limitation upon the exception itself. It was a reservation of the timber for twelve years and no longer. After that time, the trees remaining passed with the grant of the soil to which they were attached. This is the construction placed upon such agreements in the lumber regions where they are frequent, and it accords with reason and common sense. We made a somewhat similar ruling in Leconte *v.* Royer, decided in 1877.

It also appears by the case stated, that Kingsbury sold the timber in question, to one Joseph S. Hyde, twenty-six days before

his deed to Veazie, with the right to take it off for twelve years from the date of the sale. Whatever the rights of the defendants may be, the plaintiffs, by their own showing have none.

The judgment is reversed, and judgment on the case stated for the defendant.