## Bowers *versus* Bowers.

95 477
177 252

95 477
216 ¹288

95 477
f219 ¹232
219 ³258

1. A contract for standing timber on a tract of land, to be taken off at the discretion of the purchaser as to time, is an interest in land, within the meaning of the Statute of Frauds, the transmission of which must be in writing.

2. To take a case of parol sale out of the statute, the terms of the contract, the land which forms its subject-matter, the nature and extent of the interest to be acquired, the consideration to be paid, &c., must all be fully and satisfactorily shown.

3. Exclusive possession taken and kept up in pursuance of the contract is an indispensable ingredient in every case.

October 18th 1880. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas of *Jefferson county:* Of October and November Term 1880, No. 33.

Replevin by Solomon Bowers against Jane Bowers and Henry Bowers, for certain timber cut and removed from a tract of land, &c.

The facts set forth in the opinion of this court, together with the following points and answers of the court, sufficiently state the case.

The plaintiff presented the following points which the court affirmed:

1. That if John and Solomon Bowers as partners owned and used the standing timber on the whole tract, and the whole business of the partnership was the cutting and removing the timber, and in 1859 they dissolved partnership and divided the timber, being the assets of the firm, by a line run on the ground, and Solomon took all the timber north of the line as his share, and the timber replevined was cut off Solomon's part of the timber assigned to him on dissolution, the verdict of the jury should be for the plaintiff.

2. That if the timber north of the line upon dissolution between Solomon and John Bowers, was to be removed by Solomon as fast as John should want to clear the land, the timber would be personal estate, and the Statute of Frauds, as between the parties and their representatives, would not affect any division made between them.

The defendants submitted the following points, to which are appended the answers of the court:

1. That timber growing upon land is a part of the freehold, and a parol contract for the sale thereof is subject to the Statute of Frauds and Perjuries.

Ans. " We answer this point in the affirmative."

2. The plaintiff claiming a right to the timber in this execution by virtue of an alleged parol contract with John Bowers, deceased, over twenty-five years since, is estopped from asserting any right to the same against his widow and heirs, the Statute of Frauds and Perjuries being a bar to the plaintiff's recovery.

[Bowers *v.* Bowers.]

Ans. "If the plaintiff does claim timber by parol sale and not otherwise, under the circumstances mentioned in this point the conclusion stated would follow. For further answer we refer to the plaintiff's first and second points and answers thereto."

3. If plaintiff actually made a parol contract with John Bowers, deceased, in his lifetime, for the standing timber, and paid him the full value thereof, the remedy was in the Orphans' Court for the specific performance of contract. Not taking his legal course to establish his right he cannot do so in this action, and the verdict must be for the defendants.

Ans. "If the evidence shows there was no more than a parol sale of timber growing upon land there can be no recovery. For further answer referred to plaintiff's first and second points and answers thereto."

4. The court is requested to charge the jury, In order to constitute a partnership it is necessary for plaintiffs to establish the terms of partnership. Loose declarations of a party are not sufficient.

Ans. "Mere loose declarations that there was a partnership would not be sufficient. We leave the question to the jury under all the evidence whether there was a partnership or not. Consider the whole testimony."

5. If the jury believe that John Bowers was in possession of the whole lot with the timber previous to an alleged arrangement with Solomon, the arrangement, if true, was for an interest in land and within the Statute of Frauds and Perjuries, and must be in writing.

Ans. "We cannot, without invading the province of the jury, determine what the arrangement was, whether it was simply a parol sale of the timber, or whether the rights of the plaintiff are founded on an arrangement made at the dissolution of a partnership."

Verdict for plaintiff, and after judgment thereon defendants took this writ and alleged that the court erred in the answers to the above points.

*C. L. Corbett, P. W. Jenks* and *A. L. Gordon,* for plaintiffs in error.—The terms of .the alleged partnership should have been reduced to writing if it was intended to pass any interest in the timber : Pattison's Appeal, 11 P. F. Smith 294 ; Yeakle *v.* Jacobs, 9 Casey 376 ; Story on Partnership, p. 124 ; Hale *v.* Henrie, 2 Watts 143 ; Lancaster Bank *v.* Myley, 1 Harris 549 ; Ridgway, Budd & Comly's Appeal, 3 Harris 181. If the timber is claimed under a parol contract of partnership, the terms thereof must be clearly set forth and proven, and not depend upon loose declarations : Soles *v.* Hickman, 8 Harris 182 ; Ferguson et al. *v.* Stoever, 9 Casey 413 ; Poorman *v.* Kilgore, 2 Casey 366.

*Jenks & Clark,* for defendant in error.—The facts in the case

clearly established a partnership in the timber. If so, it became personalty. " A share in a partnership, whether its property consists of land or not, must, as between the real and personal representatives of a deceased partner, be deemed to be personal and not real estate :" Lindley on Partnerships, pp. 566, 567 and 568, where many authorities are collected sustaining the principle. In Erwin's Appeal, 3 Wright 535, it is ruled that the fact that the title is taken in the name of one of the firm constitutes the holder of the title a trustee for the firm and the title enures to the benefit of the firm, and Abbott's Appeal, 14 Wright 234, sustains the same view.

Mr. Justice STERRETT delivered the opinion of the court, November 1st 1880.

It is conceded that the timber replevied by the plaintiff below was cut by the defendants upon part of the tract of land which, on June 5th 1858, was conveyed in fee by A. Caldwell et al. to John Bowers, now deceased, the husband of one of the defendants and the father of the other. It is also alleged and not denied that prior to that, in 1848, he had acquired the equitable title, in pursuance of which he took and continued to hold possession of the land. In the absence, therefore, of competent proof that the title of John Bowers either to the land thus acquired or the standing timber thereon passed out of him in his lifetime or out of his heirs since his decease, the legitimate inference is that it still remains in his widow and heirs. Hence, it was incumbent on the plaintiff below to show that he had acquired title either to the land upon which the timber was cut or to the timber itself. He did not pretend to claim the former or any part thereof, but his contention was that in the lifetime of his brother John, he acquired through and under him the title to the timber growing on that portion of the tract from which the defendants cut and removed the timber in dispute. In support of this he alleged and undertook to prove that from 1853 to 1859, he and his brother John were in partnership in the lumbering business ; that by a verbal agreement or understanding between them, John acquired and held in his own name the timber standing on the tract of land above mentioned in trust for the firm and for the purpose of being used in the firm business ; that the timber was so used until 1859, when a dissolution took place and the partnership assets, including the timber that remained, were divided ; and by another verbal agreement, the timber south of a certain line was allotted in severalty to John, and that north of the line to Solomon. Thus we have, as the basis of the plaintiff's title to the timber in controversy, an alleged parol trust in John for the firm, and then a parol partition between the members of the firm ; and the question presented by the assignments of error is, whether the testimony was such as to justify its

[Bowers *v.* Bowers.] .

submission to the jury or warrant them in finding that the title to
the standing timber in question was in the plaintiff below.  We
are clearly of opinion that it was not, if any regard at all is to be
paid to the Statute of Frauds and Perjuries.  It is well setttled
that a contract for standing timber on a tract of land, to be taken
off at the discretion of the purchaser as to time, is an interest in
land within the meaning of the Statute of Frauds, the transmission
of which must be in writing : Pattison's Appeal, 11 P. F. Smith
294.  In that case, Chief Justice THOMPSON says, the announce-
ment that the timber growing on a man's land might be held by a
contract in parol while the soil itself can only be legally trans-
mitted by a written instrument, would strike even the unprofes-
sional mind with surprise.  The rigid requirements of the statute
have, however, been so far relaxed by courts of equity that effect
is sometimes given to verbal agreements for an estate or interest in
land ; but it is only in cases where the contract, in all its essential
parts, is established by clear and unequivocal proof, and where it
has been so far executed that it would be unjust and inequitable to
rescind it, and this is done in order that the statute itself may not
become an instrument of fraud : Hazlett *v.* Hazlett, 6 Watts 464 ;
Woods *v.* Farmere, 10 Id. 195 ; Moore *v.* Small, 7 Harris 461 ;
Hart *v.* Carroll, 4 Norris 508.  These and many other cases that
might be cited, sustain the general principle above stated and
specify the ingredients that are necessary to take a case of parol
sale out of the statute.  The terms of the contract, the land which
forms its subject-matter, the nature and extent of the interest to be
acquired therein, the consideration to be paid, &c., must all be fully
and satisfactorily shown.  If the terms of the contract are uncer-
tain or ambiguous, or not proved by clear and satisfactory evidence,
&c., specific performance will not be enforced.  A court of equity
will not act upon conjecture or uncertain and inconclusive infer-
ences, nor should a jury be permitted to do so.  It is for the judge,
sitting as chancellor, to determine in the first place whether the
evidence adduced is sufficient to support an equity in the party
claiming specific execution of the verbal contract, and then for the
jury to say whether the testimony is true or not.  The principal
object of the statute was to prevent the divestiture of either legal
or equitable titles by the introduction of loose and unreliable testi-
mony.  The part performance or execution necessary to take a
contract thus established out of the statute, may consist in taking
and continuing to hold exclusive possession under and in pursuance
of the contract, together with payment of the consideration or
making such improvements as cannot be compensated in damages.
Exclusive possession taken and kept up in pursuance of the con-
tract, is an indispensable ingredient in every case.  Hence it is
held there cannot be a valid parol sale of land by one tenant in

[Bowers v. Bowers.]

common to his co-tenant in possession : Spencer and Newbold's Appeal, 30 P. F. Smith 317.

Tested by the general principles thus briefly stated, the testimony before us falls very far short of being sufficient to prove title in the plaintiff below to the standing timber in question. Without referring to it in detail, it is sufficient to say that it is entirely too vague and uncertain to warrant its submission to the jury, or to justify them in finding any of the essential facts upon which the plaintiff below based his claim to the timber. It would be impossible to determine from it with any degree of certainty or satisfaction, what were the terms of the alleged partnership or how the timber was purchased, if purchased at all, for the firm, or that the plaintiff ever paid or agreed to pay anything for his alleged interest in it as a member of the firm. But assuming that it was purchased by John Bowers for the joint benefit of both, and that at the date of the alleged partition they were jointly in possession of the timber, it would be impossible, as we have seen, to base any valid and exclusive claim to that portion of it north of the alleged line, for the reason that the essential element of exclusive possession taken and held in pursuance of the parol partition, is necessarily wanting : Spencer and Newbold's Appeal, *supra.*

Viewing the whole testimony in the most favorable light for the plaintiff below, it was entirely too vague and uncertain to justify a recovery, and the learned judge should have so instructed the jury.

Judgment reversed.