## Mahan *v.* Clark, Appellant.

*Contract—Sale of timber—Expiration of time limit—Title to timber cut down.*

Where an owner of land sells all the timber thereon, and grants to the vendee the right to cut and remove the timber with the "privilege of five years" for the completion of the operation, and the vendee cuts down all the timber, and manufactures it into saw logs, telephone poles and railroad ties prior to the expiration of the five years, but does not remove the manufactured product from the land before that date, although he has paid for it in full, the title to the timber thus cut and manufactured is in the vendee as personal property, and the vendor has no interest in it whatever.

Argued Oct. 16, 1907. Appeal, No. 93, Oct. T., 1907, by defendants, from judgment of C. P. Cambria Co., June T., 1905, No. 275, on verdict for plaintiff in case of Isaac Mahan v. H. E. Clark and S. T. Schrack. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Replevin to determine ownership of logs and manufactured lumber. Before O'CONNOR, P. J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff. Defendant appealed.

*Error assigned* among others was in refusing binding instructions for defendants.

*M. D. Kittell* and *John E. Evans*, with them *Charles S. Evans*, for appellants.—In a contract for the sale of timber to

be cut and removed within a specified time, trees severed from the soil and manufactured into logs, etc., are removed, within the meaning of the contract, and are and remain the property of the vendee, even though not actually removed from the premises within the time specified : Erskine v. Savage, 96 Me. 57 ; Hoit v. Stratton Mills, 54 N. H. 109 ; Plumer v. Prescott, 43 N. H. 277 ; Irons v. Webb, 41 N. J. Law, 203 ; Hicks v. Smith et al., 77 Wis. 146 (46 N. W. Repr. 133) ; Golden v. Glock, 57 Wis. 118 (15 N. W. Repr. 12) ; Owens v. Lewis, 46 Ind. 488 ; Alexander v. Bauer, 94 Minn. 174 (102 N. W. Repr. 387) ; Macomber v. Detroit, etc., R. R. Co.; 108 Mich. 491 (66 N. W. Repr. 376) ; Hubbard v. Barton, 75 Mo. 65 ; Johnson v. Truit, 122 Ga. 327 (50 S. E. Repr. 135).

*S. L. Reed*, with him *P. J. Little*, for appellee.—In Pennsylvania, the law is that the limitation placed upon the right of entry to cut and remove timber is a limitation upon the grant itself : Saltonstall v. Little, 90 Pa. 422 ; Jackson v. Hardin, 87 S. W. Repr. 1119.

It seems to us that nothing can be clearer than that Mahan sold, and Kramer bought with the distinct understanding that title passed only to such timber as was removed from the land during the time fixed for the completion of the operation, and it is also equally clear that the extension was granted on the same terms : Boults v. Mitchell, 15 Pa. 371 ; Saltonstall v. Little, 90 Pa. 422 ; Bennett v. Vinton Lumber Co., 28 Pa. Superior Ct. 495.

The rule is, that a sale of timber on a certain tract of land to be removed in a given length of time is only a sale of so much timber as is removed within the time : Bell County Land & Coal Co. v. Moss, 97 S. W. Repr. 354 ; Irons v. Webb, 41 N. J. L. 203 ; Bolsaubin v. Reed, 2 Keyes, 323 ; Strong v. Eddy, 40 Vt. 547 ; Inderlied v. Whaley, 65 Hun, 407 ; Gamble v. Gates, 52 N. W. Repr. 941 ; Ivory v. Burns, 56 Pa. 300.

OPINION BY MR. JUSTICE ELKIN, January 6, 1908 :

Mahan, the owner of the soil, by a contract in writing sold and conveyed to Kramer " all the timber lying and standing down to eight inches across the stump two feet from the

ground " on two certain tracts of land therein described. The agreement was entered into November 16, 1899. Kramer was given the right of egress and regress over the land for the purpose of cutting, manufacturing and removing the timber and lumber. He was also given the right to locate and operate at a suitable place on the tracts of land a sawmill for the purpose of manufacturing the timber into lumber, together with a sufficient amount of ground on which to locate a log and lumber yard. The contract further provided that the " privilege of five years' time is hereby granted for the completion of said operation." On November 21, 1903, Kramer assigned his right, title, interest and claim to the timber sold and conveyed under the terms of said agreement, to Clark, one of the appellants in this case. On July 22, 1904, Mahan agreed to extend the time for removing the timber until April 1, 1905, and for the removal of the lumber to January 1, 1906. The consideration for the timber agreed upon by the parties has been paid in full and there is no delinquency in this respect. All of the timber was severed from the soil prior to April 1, 1905. The trees were not only severed from the land, but the defendants had caused the timber to be cut, prepared or manufactured into saw logs, telephone poles and railroad ties prior to that date. The plaintiff now claims title to the same on the ground that defendants having failed to remove the timber from the land before the expiration of the period in which to remove, the title thereto reverted to him, the original vendor in the article of agreement.

In support of this position three Pennsylvania cases and two or three from other jurisdictions are relied on. It is true that in Boults v. Mitchell, 15 Pa. 371, it was held that where a right of entry on land for the cutting and removing of timber has terminated, trespass quare clausum fregit may be maintained by the owner of the land against the person who had such prior right of entry, for cutting trees thereon, and the value of the trees cut and removed may be recovered ; and even when no time was limited in the grant, the law would imply a duty on the part of the grantee to remove within a reasonable time, certainly a reasonable time after notice to remove had been given, and a failure to remove would work a forfeiture of his rights.

Saltonstall v. Little, 90 Pa. 422, and Bennett v. Vinton Lumber Company, 28 Pa. Superior Ct. 495, following the rule of that case, have announced the principle that the purchaser of timber on a tract of land under a conveyance which specifies a particular time for the removal thereof, forfeits all rights in the timber not cut and removed within the time specified.

It will be observed, however, that in all of these cases the timber had not been cut within the time specified. It remained standing in its original state and was part of the soil. It has been uniformly held in this state that standing timber is real estate and that a conveyance thereof which does not contemplate an immediate severance is within the statute of frauds: Yeakle v. Jacob, 33 Pa. 376; Neumoyer v. Andreas, 57 Pa. 446; Pattison's Appeal, 61 Pa. 294; Bowers v. Bowers, 95 Pa. 477; Miller v. Zufall, 113 Pa. 317. This may be, and perhaps is, the foundation of the rule. It would seem as though the original grant, being a sale of real estate, subject to a limitation of time in which to remove, failure to remove within the time should work a forfeiture, or reversion, of the same character of estate as that granted. Our cases have gone no further. In no case has it been held in this state that where the timber had been cut and manufactured or prepared into lumber or other products and thus converted into personal property, the rule applies. Under these circumstances it will be helpful to review the decisions of other states in order to reach a proper conclusion in the case at bar. It must be conceded that the courts of other jurisdictions have reached different conclusions in the determination of this question. In Maine the rule is that where a grantor in a deed reserved all timber, with the right to enter upon the premises at any time within five years for the purpose of cutting and removing the same, the trees remained a part of the real estate until severed from the soil, but if severed within the period limited they became personal property, the title to which vested in the vendee who did not forfeit the same by failure to remove within the five year period: Erskine v. Savage, 96 Me. 57. In Wisconsin it was decided that in a conveyance of standing timber with the right to remove within two years, trees cut and manufactured into stave bolts

within that period became personal property and were thereby removed from the premises within the meaning of the deed, and the grantee had the privilege, after the expiration of the period of limitation, of going upon the premises and removing the stave bolts: Golden v. Glock, 57 Wis. 118; Hicks v. Smith, 77 Wis. 146. In Minnesota it was held that where under the terms of a contract the grantee was given the privilege to cut and remove trees from certain land and a portion of the trees having been cut before the expiration of the limited period, failure to remove the logs until six months thereafter did not work a forfeiture of the title so that it became vested in the owner of the land, but that the vendee had a right to remove the same after the time limit had expired: Alexander v. Bauer, 94 Minn. 174. In Michigan the same rule has been adopted. It was there held that a severance of the timber from the soil and the cutting of the same into saw logs is a removal of the timber within the terms of the contract, though the logs be not removed from the premises within the time specified: Macomber v. Railroad Company, 108 Mich. 491. In Georgia the courts have said that the word "timber" does not include cross-ties which were cut prior to the expiration of the time, and that the purchaser had a right to go upon the land after the expiration of the time for the purpose of removing the ties: Johnson v. Truitt, 122 Ga. 327. In Indiana it was held that where a vendee by parol had purchased growing trees on the land of the vendor with the privilege of cutting and removing the same, he had a license to enter upon the land for the purpose of making the severance, and if the license be not revoked before the trees are severed, the title to the trees will vest in the vendee, and the license after such severance will become coupled with an interest irrevocable and the vendee will have a right to enter and remove the trees thus severed: Owens v. Lewis, 46 Ind. 488. To the same general effect are Hubbard v. Burton, 75 Mo. 65; Irons v. Webb, 41 N. J. Law, 203; Hoit v. The Stratton Mills, 54 N. H. 109; Plumer v. Prescott, 43 N. H. 277.

Boisaubin v. Reed, 2 Keyes (N. Y.), 323; Strong v. Eddy, 40 Vt. 547, and perhaps a very few other cases, are authority for the contrary rule. After a careful review of all these cases we are convinced that the great weight of authority, as well

as the reason of the rule, supports the contention of the learned counsel for the appellants in this case.   It cannot be seriously controverted that the ties, telephone poles and saw logs were personal property, made so by the severance of the trees from the land and the manufacture of the same into these products.   On the last day of March, 1905, the title to this personal property was in Clark, one of the appellants here. It is difficult to see what happened between that date and the day following to change the ownership thereof so as to vest the title in the appellee.   This being an action of replevin, it was incumbent on plaintiff to show title to the property before there can be a recovery.   In this, as we construe the contract between the parties, he has failed, and his right to recover the property cannot be sustained.   At the time the writ of replevin was issued, and possession of the poles, ties and saw logs delivered to appellee, the title to same was in Clark, who can now proceed on the bond, or take such other action as the law authorizes, to protect his rights.

Judgment reversed.