## Wilmore Coal Co. *v.* Holsopple, Appellant.

*Trespass—Cutting timber—Damages—Treble damages — Agreement as to damages—Dispute as to title.*

Where in an action to recover damages for the wrongful cutting of timber, the plaintiff in his statement fixes the damages at $125, and inserts a clause claiming treble damages, and at the trial after the evidence is taken, the parties agree that if the plaintiff is entitled to recover, damages should be $150, subject to the ruling of the court upon the question of title, and a verdict is rendered for $150, and thereafter the court overrules the motion for judgment n. o. v., and enters judgment for plaintiff on the verdict, the defendant on appeal, cannot object to the judgment having been entered for the compromise amount, if it appears that the only question considered by the court below was the question of title, and it also appears that the evidence in the case would have justified the court in submitting to the jury the question of treble damages.

*Statute of frauds—Sale of timber—Description of property.*

A contract for the sale of growing timber to be taken off by the purchaser, without specification as to time, is an interest in land, within the meaning of the statute of frauds.

If, in such a contract, no boundaries are mentioned, no designation of the tract made; no contents given, and a so-called sketch attached to the writing is meaningless, the contract cannot be enforced under the statute of frauds.

Argued April 11, 1917.   Appeal, No. 68, April T., 1917, by defendant, from judgment of C. P. Somerset Co., Feb. T., 1916, No. 190, on verdict for plaintiff in case of Wilmore Coal Co. v. Russell Holsopple.   Before OR-LADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREX-LER and WILLIAMS, JJ.   Affirmed.

Trespass to recover damages for the alleged wrongful cutting of timber.   Before BAILEY, P. J., specially presiding.

The plaintiff in its statement of claim alleged that the value of the timber cut was $125.   The statement contained the following additional clause relating to damages:

3d: Wherefore the plaintiff brings this suit to recover damages for the cutting and conversion of the trees as aforesaid and upon the trial of this cause will demand damages in treble the value of the timber cut as aforesaid, being the sum of three hundred and seventy-five ($375.00) dollars, under the provisions of the Act of Assembly of Pennsylvania, approved the 27th day of March, 1824.

The defendant claimed title under the following agreement in writing:

This agreement made this 22d day of January, 1901, between the Berwind-White Coal Mining Co., of Windber, Somerset County, Pa., of the first part, and Russell Holsopple, of Holsopple, Pa., of the second part.

Witnesseth: That for and in consideration of the timber hereinafter stated, to be delivered on the stump or as standing at present, by the first party to the second party.   The said second party hereby agrees to give, exchange and convey to the said first party, all that timber which was cut by the said first party upon the lands of the said second party at or near Eureka Mine No. 39.

And, it is hereby understood and agreed between both parties, that the said second party shall not cut any hickory upon the lands described nor shall he cut beyond

the western limits of the proposed railroad right of way as shown upon the attached sketch.

In witness whereof, the said parties have hereunto set their hands and seals on the day and year above stated.

    (Signed) BERWIND-WHITE C. M. Co. (Seal)
    (Signed) PER S. H. JENCKS. (Seal)
    · (Signed) RUSSELL HOLSOPPLE. (Seal)

SKETCH.

```
O  O  O  O  O  O  O  O  O  O  O  O  O  O  O  O ·O  O

·O  O                                       ·  O  O

O    O                                    O  O  O

O      O        Timber that can be cut     O  O  O

O     O                                   O  O  O

O     O                                          O

O· O· O· O  O  O· O  O  O· O· O  O  O  O· O· O· ·O· O
```

Center Line of R. R.

- - - - - - - - - - - - - -

Western Limits of R. R. Right of Way.

It appeared that the business relations between the plaintiff and the Berwind-White Coal Mining Company, the plaintiff was bound by the agreement in question. At the conclusion of the trial the parties agreed that if the plaintiff was entitled to recover the damages should be $150, subject to the ruling of the court on the question of law reserved.

Verdict and judgment for plaintiff for $150. Defendant appealed.

*Error assigned* was in overruling motion for defendant n. o. v.

*Alexander King*, with him *John G. Ogle*, for appellant. —If the cutting was wrongful, but mistakenly or accidentally done, only single damages could be recovered; and as there is no claim or count for damages at common law, in the statement, the appellee's case must fall:

Kramer v. Goodlander, 98 Pa. 353; Hughes v. Stevens, 36 Pa. 320.

The agreement complies with the requirements of the statute of frauds. All that is necessary for the writing to show is, the parties, a consideration, the subject-matter, and be signed by the party to be charged: Smith & Fleek's App., 69 Pa. 474; Ferguson & Staver, 33 Pa. 411; Bubb v. Parker, Etc., Oil Co., 252 Pa. 26; Clark v. Smith, 25 Pa. 137; Shiffer v. Broadhead, 134 Pa. 539.

*Charles H. Ealy,* with him *Charles F. Uhl, Jr.,* for appellee.—Appellant obtained no title to the timber in dispute by his agreement with the Berwind-White Coal Mining Company: Huff v. McCauley, 53 Pa. 206; Yeakle v. Jacob, 33 Pa. 376; Soles v. Hickman, 20 Pa. 180; Ferguson v. Staver, 33 Pa. 411; Mellon v. Davison, 123 Pa. 298; Llewellyn v. Sunnyside Coal Co., 242 Pa. 517.

The judgment of the lower court was proper under the pleadings and evidence: O'Reilly v. Shadle, 33 Pa. 489; Shiffer v. Broadhead, 126 Pa. 260; Irwin v. Patchen, 164 Pa. 51; Patterson v. Graham, 164 Pa. 234.

OPINION BY TREXLER, J., July 13, 1917:

The coal company cut down and converted to its own use certain white oak timber belonging to the defendant. The negotiations looking to the settlement of the claim for the injury done resulted in the agreement which reads as follows: "This agreement made this 22nd day of January, 1901, between the Berwind-White Coal Mining Co., of Windber, Somerset County, Pa., of the first part, and Russell Holsopple, of Holsopple, Pa., of the second part. Witnesseth: that for and in consideration of the timber hereinafter stated, to be delivered on the stump or as standing at present, by the first party (the coal company) to the second party (Holsopple). The said second party hereby agrees to give, exchange and convey to the said first party, all that timber which was cut by the said first party upon the lands of the said

second party at or near Eureka Mine No. 39.   And, it is hereby understood and agreed between both parties, that the said second party shall not cut any hickory upon the lands described nor shall he cut beyond the western limits of the proposed railroad right of way as shown upon the attached sketch."   This is followed by a sketch showing a rectangle and a number of crosses put therein without any apparent design.   Below it is a dark line indicating "Centre line of R. R." followed by a dotted line "Western Limits of R. R. Right of Way."

It has been held in a number of cases that a conveyance of timber that does not contemplate an immediate severance is within the statute of frauds: Yeakle v. Jacob, 33 Pa. 376; Pattison's App., 61 Pa. 294; McClintock's App., 71 Pa. 365; Bowers v. Bowers, 95 Pa. 477; Bennett v. Vinton Lumber Co., 28 Pa. Superior Ct. 495; Miller v. Zufall, 113 Pa. 317.   In the latter case the rule is stated as follows: "A contract for the sale of growing timber to be taken off by the purchaser, without specification as to time, is an interest in land, within the meaning of the statute of frauds."   See also Mahan v. Clark, 219 Pa. 229.   This being so it follows that the rights of the parties must be determined by the above agreement and that nothing can be added to the agreement by parol. "When the law requires the contract to be in writing it means that the complete contract must be proved by the writing.   That is not a written contract that is not self sustaining.   It is verbal if it requires verbal testimony to sustain it by proving any essential part of it.   So far as I know this has been the uniform course of the decisions": Soles v. Hickman, 20 Pa. 180.   See also Ferguson v. Staver, 33 Pa. 411, and Mellon v. Davison, 123 Pa. 298.   "When an attempt is made to establish title to land under a parol contract, proof thereof in all its essentials, and in all its equities, should be so plain and clear as to preclude doubt or hesitation as to the contract and the equities arising thereunder: Moore v. Small, 19 Pa. 461; Bowers v. Bowers, 95 Pa. 477"; Mil-

. ler v. Zufall, supra. Judged by these standards the agreement before us is lacking. No boundaries are mentioned. No designation of the tract is made. No contents are given. The so-called sketch is meaningless. It indicates that the timber to be cut is located somewhere to the east of the right of way of the railroad company but what the extent of the timber is, we cannot ascertain. We think the court was right in holding that the contract could not be relied upon by the defendant and that the plaintiff having proven title to the land upon which the timber was cut, judgment in his favor followed.

Another question in the case and perhaps the most serious one raised is that the plaintiff in his statement fixes his damages at $125.00 but adds a clause stating that he claims treble damages under the Act of March 29, 1824, P. L. 152. At the conclusion of the trial the parties entered into the following agreement: "The court announced from the bench that it would submit to the jury the question of the amount of the damages, and would reserve the question, to be determined on a proper motion, whether under the pleadings and all the evidence the plaintiff is entitled to recover. Thereupon, to save time the counsel agreed that if the plaintiff was entitled to recover, the damages should be for one hundred and fifty dollars, subject to the ruling of the court." It has been held in Hughes v. Stevens, 36 Pa. 320, that the statutory action is cumulative to the common law remedy, or perhaps rather an optional or alternative remedy; for a resort to either, would be a bar to the other. This statement is somewhat modified in Fairchild v. Dunbar Furnace Co., 128 Pa. 485, in which Mr. Justice CLARK says, "The cause of action accruing under this statute, although arising on the same matter, is different from that accruing at common law; and whilst, perhaps, they may be joined in one action, there can be but one recovery." The point was not specifically raised at the trial, at least the record does not show that it was.

The learned trial judge in his opinion refusing a new trial states, "The case was tried purely upon the question of title." Had the question of treble damages been specifically raised the court would have been required to submit it to the jury as there was sufficient evidence to sustain it. Although they failed to properly express it and the written agreement passed no title perhaps the intention of the parties originally was to give Holsopple a sufficient quantity of timber to equal what was wrongfully taken from him by the coal company and that thus he could go anywhere on the coal company's land east of the railroad and help himself. When however the coal company surveyed out five and one-half acres and sought to confine his cutting to that particular part and he had knowledge of it although not consenting, it was notice to him that the consent of the coal company to his cutting anywhere on the tract was withdrawn and the question remained for the jury to determine whether he thought he had the bona fide claim of right to take anything beyond the designated area although he had no legal right so to do. If he went beyond the limits fixed by the company, the question whether he acted in good faith or not had to be determined. "No man should strip the timber from land unless he has a title to it, or a well-grounded and conscientious belief that he has; in which case, a court and jury would not be likely to allow vindicatory or punitive damages. If there be doubt about the title, or it be in dispute, the party should take pains to test it by law, and abstain as much as possible, in the meantime, from any such irreparable injury. If he disregard these plain duties, let him not complain of the law fixing a high and severe measure of damages": O'Reilly v. Shadle, 33 Pa. 489. See Watson v. Rynd, 76 Pa. 59. Furthermore as both parties tried the case upon the question of title, and that only, we may conclude that they were satisfied to have the case tried within those limits. The plaintiff's claim was for treble damages but he fixes his single damages at $125.00. The agree-

ment was that the jury should return a verdict of $150.00. This amount seems to have been in the nature of a compromise. Under these circumstances we think it would be unfair to send the case back for retrial upon this one point of controversy which was not raised at the trial.

The judgment is affirmed.

OPINION BY TREXLER, J., on motion for reargument, December 13, 1917:

The petition for reargument asserts that the opinion rendered "is predicated upon the averment of two facts, which do not and never did exist, and in which there is not a thing in the record or evidence to sustain," namely:

1. There was a compromise in agreeing to the verdict.

2. The case was tried purely upon the question of title.

The lower court, in its opinion on the defendant's motion for a new trial, stated that the amount of the verdict was settled by agreement and that the case was tried solely upon the theory of title. We are convinced after a reëxamination of the record that the lower court was right in the above conclusion. The plaintiff in his statement fixes the damages at $125, and inserts a clause claiming treble damages. The amount agreed upon by counsel was $150, which fitted to neither theory of damages, and on the face of it bears out the assertion of the lower court, that the question whether or not single or treble recovery damages could be recovered was eliminated.

The pleadings and testimony show what the defendant claimed under the written agreement of January 22, 1901. In his brief of argument submitted to this court, the second reason presented to secure a reversal was, "because the written agreement between the two parties gives title to the timber in dispute to the appellant." That agreement conveyed no title. As defendant proved no title to the timber, the plaintiff was entitled to re-

cover damages for its taking. All other pertinent matters have been covered in the opinion heretofore filed in this case.

The petition of reargument is refused.