## Havens et al. *v.* Pearson, Appellant.

Argued March 27, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN and STERN, JJ.

*William G. Sitnek*, with him *Robert A. Henderson*, for appellant.

*Frank B. Warfel,* with him *B. F. Warfel,* for appellee.

OPINION BY MR. CHIEF JUSTICE KEPHART, May 8, 1939:

A. J. Detwiler, the owner of 5,700 acres of land, sold to appellant, W. H. Pearson, in May, 1930, by written contract, the timber on 1,300 acres of land, Pearson to have twenty years to cut and remove it. The land was then subject to the lien of a judgment revived in 1927. In January, 1931, an amicable sci. fa. to revive the judgment was filed, but appellant did not sign the revival nor was he served. O. S. Havens, appellee, became assignee of the judgment and, May 12, 1931, issued a fi. fa. on it and the sheriff sold the property to him. Pursuant to his contract, Pearson continued to cut the timber, and Havens brought this bill for an injunction, which the court below granted.

There can be no question that the lien of this judgment fastened on the timber, and, by the revival in 1927, was in effect when the contract was executed. Appellant contends, however, that the sale converted the timber into personalty so that it was withdrawn from the lien and did not pass as real estate at the sheriff's sale. He argues that if this was not the effect of the contract, he was a terre-tenant and the lien to be continued must be revived against him.

Ordinarily a contract for the sale of standing timber to be cut and removed, indefinite as to the time for cutting and removal, or one that gives the purchaser discretion as to the time of removal, is a sale of land within the meaning of the Statute of Frauds: *Yeakle v. Jacob et al.,* 33 Pa. 376; *Huff v. McCauley,* 53 Pa. 206, 210; *Pattison's Appeal,* 61 Pa. 294; *Bowers v. Bowers,* 95 Pa. 477; *Miller v. Zufall,* 113 Pa. 317. Where, however, timber is to be cut and removed by the purchaser within a definite or reasonable time, it becomes a question of the intent of the parties as to whether a sale of realty, the creation of a chattel real, or a sale of personalty was intended. See *McClintock's Appeal,* 71 Pa. 365, 366;

and see *Johnson v. Bumpus,* 34 Pa. Superior Ct. 637, 639; *Sielecki et al. v. Sielecki et al.,* 107 Pa. Superior Ct. 291, 297. It has been stated in many of our cases that the contract to be a sale of personalty must intend an "immediate severance":[1] it would be more accurate to say that the real test is, considering the nature and extent of the land, the number of feet of merchantable timber and the time given for removal, whether the vendor *intended* the vendee to have an interest in the standing timber as land, or whether he contemplated a removal within a time reasonably necessary therefor, in which case the vendee would have a chattel interest. Thus in *Robbins v. Farwell,* 193 Pa. 37, six to seven years were consumed in the cutting of the timber and yet the contract was held to be a sale of personal property. And, in *Patterson et al. v. Graham et al.,* 164 Pa. 234, the Court held that the particular contract was for a sale of personalty and that, considering the conduct of the parties, five years was a reasonable time for the removal of the trees. See also *Rickol v. Seaton,* 61 Pa. Superior Ct. 334, 338, where it was held that a contract providing for the immediate removal of timber intended its removal within a reasonable time in the light of the circumstances. The mere fact that the timber is to be removed within a definite time does not determine the character of the sale, as appears from *Wilson v. Irvin,* 1 Penny. 203, where a contract for the sale of timber to be cut and removed in nine years was held to convey an interest in real estate. Several factors indicated that to be the intention of the parties. There the time reasonably necessary for cutting and removing the trees would have been three years. Since the intention of the parties governs the effect of the

---

[1] *Huff v. McCauley,* 53 Pa. 206, 210; *Cole v. Ellwood Power Co.,* 216 Pa. 283, 288-289; *Mahan v. Clark,* 219 Pa. 229, 232; *Wilmore Coal Co. v. Holsopple,* 68 Pa. Superior Ct. 290, 294; *Robbins v. Farwell,* 193 Pa. 37; *Strause v. Berger,* 220 Pa. 367, 370; *Sielecki v. Sielecki,* 107 Pa. Superior Ct. 291, 297.

contract in the present case, there is no difficulty, because appellant and appellees agree that a sale of personalty was intended.[2]

This disposes of appellant's second contention. Since he claims no interest in the real estate of the judgment debtor, he is not a terre-tenant and was not entitled to service on the revival of the lien in 1931. A terre-tenant is one who became the owner of an interest in the real estate after the lien attached. See *Dengler v. Kiehner*, 13 Pa. 37; *Chahoon v. Hollenback*, 16 S. & R. 424; *Clippinger v. Miller*, 1 P. & W. 64; *South Central B. & L. Assn. v. Milani*, 300 Pa. 250.

It might be added that when the property was sold on execution, the revived lien of 1927 still had part of a year to run and did not exist solely by the revival of 1931. No injustice resulted from failure to serve appellant; he had notice of the judgment and execution, as well as of the time and place of the sale, at which he appeared to assert his claim to the timber.

This Court has not definitely passed upon the first question raised by appellant. Assuming that the contract was a sale of personalty, what was its effect upon the lien of the judgment on the land, which then included the timber? Appellant insists that instantly there was a complete severance. He says that since Detwiler, the judgment-debtor and owner, had a right to sell and cut the standing timber, free of the lien, the effect of this contract was to sever the trees from the realty and convert them into personalty even though all

---

[2] The Act of May 22, 1895, P. L. 113, providing that deeds or written contracts for the sale of timber may be recorded and shall be deemed to convey and vest an interest in land, does not alter the rule of law applicable to such cases. In *First National Bank of Everett v. Morris et al.*, 11 D. & C. 649, Judge PATTERSON held that its effect was merely that of a recording act, and in view of the cases decided since its passage, did not affect the rule that the intention of the parties governed the character of the interest conveyed.

or part remained standing on the land. As between vendor and vendee this conclusion may be correct. Vendee acquired title to such trees as he cut and removed, as chattels, but, as to the judgment-creditor, the agreement did not create the fiction of an immediate severance and conversion of all timber within the 1,300 acres. The standing timber was part of the freehold under the judgment, and though sold as personalty, it continued to be realty as to the judgment.[3] *Saltonstall et al. v. Little,* 90 Pa. 422, illustrates that an immediate and absolute severance was not effected. In that case the timber was to be removed in twelve years; we held that the timber which remained standing at the end of the period merged in the freehold as the property of the owner of the surface. It was said at page 425: "The reservation of the timber was not an absolute severance of it from the freehold. It was a severance only upon the condition of its removal within twelve years . . . After that time, the trees remaining passed with the grant of the soil to which they were attached." See also *Strunk v. Morris Run Coal Mining Co.,* 271 Pa. 148, 151; *Bennett v. Vinton Lumber Co.,* 28 Pa. Superior Ct. 495, 501; *Brown v. Commissioners of Internal Revenue,* 69 F. (2d) 863; Walsh, The Law of Property (2d ed. 1935), section 12.

The vendor could not, at his election, with the aid of a legal fiction, destroy the rights of the lien or remove the standing timber from the effect of the lien. As Justice SHARSWOOD said in *Foster's Appeal,* 74 Pa. 391, 398: "Surely it will not be pretended that a man

---

[3] The case of *Vogelbacker v. Walker, Collector,* 7 D. & C. 661, is the only Pennsylvania case holding that a contract for the sale of timber as personalty effected an immediate severance of the timber from the land as to third parties. There it was held that the vendor could enjoin the local tax authorities from assessing timber involved in the contract as real estate. The conclusion in this case cannot be sustained in the light of the authorities cited.

could by a mere declaration of record convert his land into personalty, so as to defeat the lien of mortgages, judgments and other encumbrances . . ." The timber remaining on the land at the time of the sheriff's sale, passed to appellee as purchaser: *Leidy v. Proctor*, 97 Pa. 486.

When the contract was made, the standing timber was subject to the lien, and the lien-creditor had the right to prevent such cutting and removal of it as would impair his security. His rights were similar to those of a mortgagee out of possession. See *Angier v. Agnew*, 98 Pa. 587, 590, 591; *Witmer's Appeal*, 45 Pa. 455, 463. As was said in *Knoll v. Railway Co.*, 121 Pa. 467, at 473: "As a lien-creditor he has the right to prevent the depreciation of the property, bound by his judgment or mortgage, by the commission of waste thereon. If the owner, or a stranger to the title, attempts the removal or destruction of timber trees, . . . he may interfere by writ of estrepement or injunction to prevent it; but, subject to this right of the lien-creditor to stay waste, the owner has by virtue of his ownership, the jus disponendi of the property, including everything upon the surface or underlying it. . . . While on, or affixed to, the freehold, he may insist that they shall so remain; but if severed and removed, his right to them by virtue of his lien on the freehold is gone." See also *Searle v. Aylesworth et al.*, 5 D. & C. 691 [opinion by MAXEY, J.].

After the sheriff's sale, however, title to the standing timber passed to appellee Havens. The execution having been upon a judgment entered prior to the creation of the license to enter and cut the timber, appellee, as purchaser at the sheriff's sale, could elect to terminate appellant's rights. See *Duff v. Wilson*, 69 Pa. 316, 318; *Garrett v. Dewart*, 43 Pa. 342, 349; *Farmers' & Merchants' Bank v. Ege*, 9 Watts 436, 439. He had the right to enjoin any further cutting of timber by appellant.

Decree affirmed.