## Coleman v. Reynolds

*George O. Sewall Jr.*, for plaintiff.

*Stuart A. Culbertson* and *Howard W. Lyon*, for defendant.

BRAHAM, P. J., June 22, 1955.—This petition to open judgment is based upon a relatively simple situation, but there is a difficult point of law involved and the problem has been aggravated by a multiplicity of pleadings and a change in attorneys.

The facts may be briefly stated. On June 27, 1953, plaintiffs and defendant entered into a writing entitled a "Timber Contract". It recited that plaintiffs were the owners of 16 acres of land in this county and provided, inter alia:

"The parties of the first part, for and in consideration of the sum of Eight Hundred Fifty ($850.00) Dollars, to them in hand paid, the receipt of which is hereby acknowledged, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the second party, all the timber on all that certain piece or parcel of land. . . .

"The parties of the first part hereby covenant and agree that the second party shall at all times and during the term of this contract, or until one year from the date hereof, have the free right of ingress, regress and egress upon and into the said woodlot with horses, carts, trucks, trailers and tractors and other machinery and equipment necessary for the felling, cutting down and carrying away of said timber, together with the liberty to dig saw pits in convenient places and erect saw mills and other equipment necessary for the cutting, manufacturing and removing, of said timber, and for the better convenience of carriage. . .

"The parties of the first part do hereby covenant and agree to and with the second party that they have a good fee simple and marketable title to the above described land, and to all the said timber and trees thereon, and that there is no encumbrance or liens against the same.

"It is further understood and agreed that the second party shall pay unto the first party the sum of $100.00 and give a note for 90 days for the balance and that no trees or timber is to be cut until the note is paid, with the further provision that the second party shall have the right to pay the note before the 90 day period. The second party is not to cut any trees on the boundary line without the consent of the first parties."

Defendant, petitioner, now before the court, states that he paid to plaintiffs the $100 down payment and gave the note for $750 which were provided for in the agreement, but that when he came to the premises to cut the timber, about September 28, he found the timber being cut and removed by a stranger. Defendant demanded that plaintiffs protect his rights but plaintiffs did not do so. Judgment was confessed on the note on October 19, 1953.

The original pleadings consisted of a petition to open judgment filed November 30, 1953, an answer filed January 4, 1954, and a motion for judgment on the pleadings filed May 3, 1954. The case came on for argument on May 3, 1954, whereupon judgment was refused at that time, but the court stated that judgment would be entered for plaintiffs unless, within 30 days, defendant took depositions to support his claim. On June 1, 1954, a new lawyer appeared for defendant who asked permission to amend the petition to open judgment by alleging a further breach by plaintiffs in that they did not own a fee simple title to the real property and the trees in that plaintiffs had already given a mortgage to Ernest J. Kosht and wife in the sum of $11,500. The filing of this amendment was allowed by the court on June 3, 1954, and the amendment itself was filed June 28, 1954. On June 28, 1954, plaintiffs filed a motion for judgment on the ground that defendant had not taken depositions within 30 days as required by the order of May 3, 1954, but on June 28, 1954, the court refused the motion because the court had entertained the petition to amend and had allowed the filing of the same. On July 19, 1954, plaintiffs filed an answer. Depositions were taken and filed February 8, 1955.

The legal questions which emerge from the record are: First, whether defendant took immediate title to the timber upon the signing of the agreement, so that the risk of loss thereafter was upon him, and second, whether the warranty of fee simple title and the breach of the warranty by the giving of a prior mortgage on the land and timber were available to defendant as a defense.

The depositions established that within a few days after the date of the agreement some strangers to the contract began cutting the timber and continued to cut it until or about September 15, 1953. About 90

percent of the timber was cut and removed. The only evidence as to who did it is hearsay evidence to the effect that the one who cut the timber said he had bought the timber and had permission to cut it. There was further evidence of oral representations, contemporaneous with or prior to the making of the contract, to the effect that title was to pass only upon payment of the note, given for the unpaid balance of the purchase price. This evidence, however, flies in the face of the parol evidence rule and has not been considered in arriving at our opinion.

Plaintiffs rely upon the principle that the mortgagor of real estate may lawfully cut and sell timber without responsibility to the mortgagee: citing Hoskin v. Woodward, 45 Pa. 42; Appeal of Witmers, 45 Pa. 455, and Angier v. Agnew, 98 Pa. 587. The principle is not as simple as appears from these old cases; rather, the right to cut and remove timber depends upon many factors and, if the removal will destroy or reduce the lien holders' security, it may be enjoined: Havens v. Pearson, 334 Pa. 570.

In the case at bar, however, the evidence is that both the real estate and the timber were mortgaged. Hence it cannot be contended that the mortgagor had no concern with the existence of the mortgage and the claims of the mortgagee. From the moment the agreement to buy the timber was executed and his $100 was paid down, defendant stood in a very precarious position. He might have lost his investment and the benefit of his bargain at any time the mortgagee sought to act.

Plaintiffs also rely upon the absence of any showing that it was plaintiffs or any one acting under them who cut and removed the timber. Accordingly, as they contend, it must be presumed to have been a stranger and since title passed upon the making of the agreement the loss is defendant's.

Again the problem is not as simple as it appears to plaintiffs. The language of the agreement is consistent with an immediate passage of title: Collins v. Oliver, 299 Pa. 372. However, defendant was not permitted to remove trees until payment was made in full and the time of removal was limited to one year. These are circumstances which under the rule of Havens v. Pearson, supra, tend to make the time of the passing of title a matter of fact. ,

A proceeding to open judgment is an equitable proceeding: Mielcuszny v. Rosol, 317 Pa. 91. It is well adapted to mitigate the rigor of the law which allows a confession of judgment by virtue of an antecedent warrant, notwithstanding a change of circumstances which may have taken place in the meantime: Schuylkill Trust Company v. Sobolewski, 325 Pa. 422. The present case clearly demonstrates the necessity for some proceeding to grant relief from a judgment so obtained. Here is a defendant who agreed to buy and did in part pay for a stand of timber. When he was prepared to cut and remove it, well within the agreed time, he found it gone. Almost contemporaneously judgment was issued on the note which he gave to secure the balance of the purchase price and execution was issued thereon. The information he can get indicates that the removal was authorized by the persons who sold the timber to him.

Fortunately the agreement contains a provision by which the sellers warranted title to the land and to the timber. It is now known that there was an outstanding mortgage. The terms of the mortgage are not before us but the oral evidence indicates that it covered both land and timber. A situation such as this requires an opening of the judgment to allow a full examination into all the circumstances. How otherwise are the parties to have confidence that the law

can right a wrong although they have previously signed a warrant of attorney to confess judgment and a judgment has been confessed which seems to bar them from any relief? The cases require more than oath against oath before judgment is opened (Stoner v. Sley System Garages, 353 Pa. 532; Palatucci v. Woodland, 166 Pa. Superior Ct. 315) ; but the appeal is to the conscience of the chancellor: Jenkintown N. Bank's Appeal. 124 Pa. 337. The need for an opening of the judgment in this case is apparent. The ends of justice require it. Entertaining these views we make the following

### Order

Now this June 22, 1955, the judgment entered in this case is opened to allow defendant to present his defense. Plaintiffs are directed to file a complaint and defendant to answer as in a case of assumpsit.

Now this June 22, 1955, an exception is sealed to the above order for plaintiffs.